UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL K. WOODS,<br><br>                      Petitioner,<br><br>v.<br><br>POLLARD, Warden,<br><br>                      Respondent. | Case No.: 21-CV-111-MMA(WVG)<br><br>**REPORT AND RECOMMMENDATION ON RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 7.]** |

Petitioner Daryl Woods, a state prisoner proceeding *pro se*, filed a petition for a writ habeas corpus pursuant to 28 U.S.C. section 2254. He alleges that his federal constitutional rights were violated and his freedom is being withheld without cause. (Doc. No. 1 at 5.) Petitioner alleges that California Petition 57 and California Assembly Bill 965 allow for his early release. (*Id.*) Further, he notes that he is denied "qualified liberty" and therefore his Fourteenth Amendment rights are violated. (*Id.*) Respondent has filed a motion to dismiss, and the petitioner subsequently filed an opposition.[1] The Court has reviewed the

---

[1] The opposition filed by Petitioner has been docketed as a "traverse" in the electronic court filings. However, since this is a motion to dismiss, "opposition" is the correct terminology and will be used throughout this document despite the document's title assigned in the electronic court filing.

Petition, motion to dismiss, and opposition. For the reasons discussed below, the Court recommends that the motion to dismiss be GRANTED without leave to amend.

## I.     FACTUAL BACKGROUND

Petitioner is currently an inmate at the Richard J. Donovan Correctional Facility. (Doc. No. 1 at 1.) In 2008, he pleaded guilty to seven counts of second-degree robbery.[2] (*Id.* at 3.) Further, he admitted he had eleven prior convictions that were considered serious felonies and/or strikes, and that he committed one of the robberies while on bail. (*Id.* at 17, 31.) The trial court dismissed ten of the prior strikes. (*Id.* at 18-19.) Consequently, the court sentenced Petitioner to a total of twenty-seven years in prison. (*Id.*)

Petitioner filed the Petition on January 19, 2021, when it was received by the Clerk of Court. (Doc. No. 1, Attachment 1.) Petitioner relies on California Proposition 57 and California Assembly Bill 965 as grounds for infringement of his constitutional rights. (*Id.* at 5.) He contends that these state policies, now implemented into law, have not been made available to him. (*Id.*) Therefore, he alleges that by being considered ineligible for these programs, he has been denied "qualified liberty" and his Fourteenth Amendment rights have been infringed. (*Id.*) Petitioner argues that both the San Diego Superior Court and the California Court of Appeal "admitted" on August 3, 2020, and August 25, 2020, respectively, that his current conviction is not violent. (*Id.*)

## II.     PROCEDURAL BACKGROUND

Following a conviction for robbery on January 30, 2008, Petitioner appealed his conviction to the California Court of Appeal. (*Id.* at 2, 18.) His appointed counsel asked the court to review the record for error and whether Petitioner's pleas were constitutionally valid. (*Id.*) The California Court of Appeal affirmed Petitioner's conviction on August 28, 2008. (*Id.*)

---

[2] The Court takes notice of all state court documents lodged by the Petitioner. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001).

On April 1, 2008, Petitioner filed his first petition for writ of habeas corpus in the San Diego Superior Court. (*Id.* at 18.) He contended that his due process rights were violated when he was not brought before a Magistrate Judge within forty-eight hours of his arrest. (*Id.*) The petition was dismissed, as the court lacked jurisdiction over the petition since Petitioner had a pending appeal. (*Id.*)

On November 5, 2008, Petitioner filed his second petition for writ of habeas corpus in the San Diego Superior Court. (*Id.* at 4, 18.) He cited five reasons in his petition as grounds for writ of habeas corpus. (*Id.*) First, he noted again that that his due process rights were violated when he was not brought before a Magistrate Judge within forty-eight hours of his arrest. (*Id.* at 18.) Additionally, Petitioner contended that (2) his due process rights were violated during a police line-up; (3) there was insufficient evidence that he committed a robbery; (4) two sentencing errors; and (5) ineffective assistance of counsel. (*Id.*) The petition was denied in whole. (*Id.*)

On July 20, 2020, Petitioner filed his third petition for writ of habeas corpus in the San Diego Superior Court. (*Id.* at 4.) He claimed (1) he was eligible to be resentenced under Proposition 47, now Penal Code section 1170.18; and (2) he was eligible for early parole under Proposition 57 and the resulting state constitutional amendment, Article I, Section 32 of the California Constitution. (*Id.* at 18.)

Petitioner's claim for resentencing under Proposition 47 was denied, as his robbery conviction was not a listed penal code violation for which Proposition 47 could provide retroactive relief. (*Id.* at 20.) Further, his second claim regarding early parole consideration under Proposition 57 was also denied, as Petitioner's robbery offense was categorized as a violent felony. (*Id.* at 21.) Plainly, the court noted, violent felonies are not eligible for consideration for early parole that is permitted for non-violent felons. (*Id.*)

On August 25, 2020, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal. (*Id.* at 4.) Petitioner cited three grounds for his petition: (1) the reclassification of his robbery convictions as misdemeanors and subsequent resentencing under Proposition 47; (2) a recall of his sentence under Penal Code section

1170; and (3) consideration for non-violent parole under Proposition 57. (*Id.* at 32-33.) He also alleged that his first and third claims were improperly denied by the San Diego Superior Court in his previous petition. (*Id.* at 32.) The Court of Appeal did not address the claim involving the Superior Court since an order denying habeas corpus relief is not appealable. (*Id.* at 32.) The correct procedure would have been to file a new petition with the Court of Appeal, which Petitioner did successfully accomplish with his three stated claims. (*Id.*) Therefore, the court only considered the three stated grounds. (*Id.*)

Petitioner's first ground was denied by the Court of Appeal. (*Id.*) Similar to the Superior Court, the Court of Appeal noted that Petitioner's robbery convictions were not enumerated offenses that could be reduced to misdemeanors. (*Id.*)

Regarding the second ground in his petition, the Court of Appeal denied a recall of Petitioner's sentence. (*Id.* at 32-33.) The court noted that after 120 days from commitment, a sentence can only be recalled at the recommendation of the secretary of the Board of Parole, not at the request of a defendant. (*Id.*)

Finally, the third ground citing Proposition 57 was again denied by the Court of Appeal, as the proposition only applies to non-violent felonies, and Petitioner's robbery convictions are violent. (*Id.*)

On September 17, 2020, Petitioner appealed to the Supreme Court of California, which summarily denied the petition. (*Id.* at 4, 8.)

On January 19, 2021, Petitioner filed the Petition in this Court. (*Id.* at 1.)

### III. **LEGAL STANDARD**

A motion to dismiss a petition for writ of habeas corpus is viewed as a request to dismiss under Rule Four of the Rules Governing section 2254. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 2001). Rule Four states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

## IV. DISCUSSION

### A. Petitioner Does Not Provide a Valid or Discernible Constitutional Claim

#### 1. Petitioner's Claims are Purely a Matter of State Law

Petitioner does not allege any cognizable federal claim. Rather, he only asserts an error of state law. However, such a claim is not cognizable under federal habeas review.

It is outside the scope of this Court's review to consider errors of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). In *Swarthout*, a California law created a liberty interest in parole. *Id.* at 220. However, the liberty interest was created by the state of California rather than the federal government. *Id.* No right existed under the United States Constitution to be conditionally released before the expiration of a valid sentence. *Id.* Here, if a liberty interest was created, it would have been created by the state of California, not by the federal government. Therefore, this Court should not determine whether Proposition 57 or Assembly Bill 965 should be applicable to Petitioner.

Because there is no federal issue or constitutional violation, this Court should not entertain Petitioner's claim. Hence, the motion to dismiss should be granted.

#### 2. Petitioner Does Contend He is Being Held in Violation of the Constitution, Laws, or Treaties of the United States.

In order for a state prisoner to be entitled to federal habeas corpus relief, he must be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). If a petition only raises a violation of state law, then no federal claim has been presented, and consequently, the petition is subject to dismissal based on failure to state a claim. *O'Bremski*, 915 F.2d at 420. Federal habeas corpus relief is not available as a remedy when a petitioner simply alleges that something has violated a general notion of fairness or a federal procedural right. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). Rather, a petitioner must show that the United States Constitution or a federal law specifically protects against the alleged injustice or unfairness. *See id.* at 1086. The burden rests with the Petitioner to prove facts that would entitle them to relief. *See O'Bremski*, 915 F.2d at 423 (*citing Townsend v. Sain*, 372 U.S. 293, 312 (1963)).

Here, the Petition contains only one ground for relief. (Doc. No. 1 at 5.) Petitioner writes: "Allege Fourteenth Amendment of the United States Constitution, Federal Due Process Violation to Withhold Petitioners Liberty (Freedom) Without Cause." (*Id.*) Petitioner's basis for this claim is that California State Proposition 57 and California Assembly Bill 965 are applicable to him and allow for his early release.[3,4] (*Id.* at 5-6.) However, the underlying premise of his claim—that California laws somehow create a federal interest–is faulty.

Petitioner cites a violation of the Fourteenth Amendment as his grounds for federal habeas corpus relief. (Doc. No. 1 at 5.) However, while Petitioner generically asserts that his constitutional rights have been violated, he offers no cognizable basis for a violation of any federal right. (*Id.*) The only basis Petitioner cites is the lack of the application of California State Proposition 57 and California State Assembly Bill 965 to his case. (*Id.*) However, both Proposition 57 and Assembly Bill 965 were pieces of *state* legislation which are now codified in California law, Cal Const, Art. I § 32; Cal. Penal Code § 3051, and an error of state law is not a cognizable basis for federal habeas relief. *Swarthout*, 562 U.S. at 222.

Simply asserting unspecified violations of due process cannot "transform a state law issue into a federal one." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Petitioner does not provide any evidence that he is being held in violation of the Constitution, laws, or treaties of the United States. (Doc. No. 1 at 5.) Instead, he attempts to appeal to a general

---

[3] Proposition 57 was a California state proposition approved by California voters in November 2016. Proposition 57 would allow for some non-violent offenders to have early parole consideration if they had served the full term of their primary offense. Proposition 57 has been implemented into the California Constitution in Article I Section 32.

[4] California Assembly Bill 965 was a California State Assembly Bill approved by Governor Gavin Newsom in October 2019. The Bill amended Section 3051 of the California Penal Code by requiring a parole hearing for youth offenders in California within six months of the first year that the youth offender becomes eligible for a youth offender parole hearing.

notion of unfairness and withholding of liberty by generally citing the Fourteenth Amendment. However, he fails to state a specific federal right guaranteed by the Constitution or laws of the United States that would transform his purely state law claims into a federal issue. (*Id.*) Ultimately, besides generally citing to a violation of due process, Petitioner does not state any specific federal right which is being violated. (*Id.*)

Petitioner's Opposition does not cure his deficient Petition. He raises various extraneous arguments regarding civil procedure, issues with jurisdiction, state court cases, and political viewpoints to support the Petition. (Doc. No. 8 at 2-3.) However, none of these matters are relevant to his Petition and are often nonsensical or political in nature.

Further, Petitioner strives to establish a cognizable claim in his Opposition by arguing that Respondent's silence regarding exhaustion of state claims somehow creates a cognizable claim under 28 U.S.C. section 2254(b). (*Id.*) Petitioner's assertion of exhaustion of state claims is a red herring and a misguided attempt to manufacture a cognizable claim before this Court. Respondent has not raised the failure to exhaust as a basis to dismiss the Petition. Exhaustion is not an issue here.

Put simply, Petitioner has not raised any federal claim. A petitioner bears the burden of alleging specific facts to show a federal right is involved. *O'Bremski*, 915 F.2d at 421. Petitioner has not met his burden.

**B.      Petitioner's Claim Also Does Not Fall Within the Core of Habeas Corpus**

In addition to the failure to raise a cognizable federal claim, Petitioners' claim is not within the core of habeas corpus. Respondent argues that regardless of eligibility to participate in parole programs resulting from Proposition 57 and Assembly Bill 965, these enactments would not necessarily result in a shortened sentence or immediate release. (Doc. No. 7 at 5:1-26.) Respondent is correct.

A petition for writ of habeas corpus is the exclusive avenue for claims advanced by state prisoners that fall within the core of habeas corpus. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). Typically, a state prisoner's claims are within the core of habeas corpus if the claims challenge the facts or duration regarding the conviction or sentence.

*See id.* at 934. Further, the core of habeas corpus can attack the duration of physical confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 at 487-88 (1973). However, if a successful petition brought by a state prisoner would not necessarily lead to an immediate or speedy release from custody, then the claims raised in that petition would fall outside the core of habeas corpus. *See Nettles* 830 F.3d 922 at 927-28. Therefore, the claims raised by the state prisoner, if pursued, should be done through the mechanism of a civil rights claim through 42 U.S.C.S. section 1983. *See id.*

Here, Petitioner does not allege that the application of Proposition 57 to his case would lead to his immediate or speedier release. He merely asserts that he should be eligible for non-violent early parole now that Proposition 57 has been implemented into California law. (Doc. No. 1 at 3.) However, even if Proposition 57 somehow applied to Petitioner despite his violent felony convictions, this case would still fall outside the core of habeas corpus because Proposition 57 would only entitle him to *consideration* for a parole hearing rather than immediate release or the certainty of a lower sentence. *See Smith v. Pearman*, No. 19CV3683-SI, 2019 U.S. Dist. LEXIS 172923, at *3-6 (N.D. Cal. Oct. 4, 2019) (finding Proposition 57 created only a new avenue for parole consideration and parole could be denied). Mere eligibility for a parole hearing is insufficient to establish habeas jurisdiction. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (holding that if a further event (such as the outcome of a future parole hearing) could separately prevent an earlier release from prison, the claim "falls outside of the core of habeas corpus."). Consequently, Petitioner's claim under Proposition 57 is not within the core of habeas corpus.

Second, Petitioner also cannot demonstrate how State Assembly Bill 965 would lead to his immediate release or a shortened sentence. He does not supply any information regarding why or how State Assembly Bill 965 would apply to him. However, even assuming this legislation applies to Petitioner, he would nonetheless be ineligible for habeas relief because AB 365 merely affects the timing of when parole hearings are held and has no bearing on whether he will actually be granted parole or earlier release. His argument here fails for the same reason as his Proposition 57 argument above.

Since success on the merits here would merely make Petitioner eligible for consideration for an earlier parole hearing and would not necessarily lead to his immediate release, his claim is not within the core of habeas corpus.

## V.     CONCLUSION

This Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the Petition be DISMISSED without leave to amend.[5]

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **September 29, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **October 20, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 6, 2021

Hon. William V. Gallo
United States Magistrate Judge

---

[5] Because Petitioner's claim is barred as a matter of law, leave to amend should be denied. *Accord Stephens v. Kunz*, No. CV19-1008-AB(KS), 2019 U.S. Dist. LEXIS 212017, at *10-11 (C.D. Cal. Sept. 18, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 212014 (C.D. Cal. Dec. 6, 2019) (dismissing prisoner's Proposition 57 equal protection claims without leave to amend).