# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL K. WOODS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN POLLARD,<br><br>Respondent. | Case No.: 21-cv-111-MMA (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 9]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 7] |

On January 19, 2021, Daryl K. Woods ("Petitioner") filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. Petitioner constitutionally challenges his current imprisonment for six counts of second-degree robbery and one count of a serious felony. *See* Doc. No. 1. Petitioner claims his underlying convictions are nonviolent in nature and thus asserts he is eligible for early parole under California Proposition 57 and California Assembly Bill 965. *See id*. Respondent filed a motion to dismiss, to which Petitioner opposed. *See* Doc. Nos. 7, 8. United States Magistrate Judge William V. Gallo issued a detailed and well-reasoned Report recommending that the Court grant Respondent's motion to dismiss. *See* Doc. No. 9 (the "R&R"). Petitioner timely filed an objection. *See* Doc. No. 10. For the reasons set forth below, the Court, **ADOPTS** the

R&R, **GRANTS** Respondent's motion, and **DISMISSES** this action.

## I. BACKGROUND

On January 30, 2008, Petitioner entered a no contest plea to six counts of second-degree robbery and one count of a serious felony. *See* Doc. No. 1. The court sentenced Petitioner to twenty-seven years in prison. *See id.* Petitioner is currently detained at the Richard J. Donovan Correctional Facility in San Diego, CA. *See id.*

**A.   Direct Appeal**

Petitioner first appealed his conviction to the California Court of Appeal, raising the following claim: "error and for the court to review the record." *See id.* at 2. On August 28, 2008, the California Court of Appeal affirmed his conviction. *See id.*

**B.   State Habeas Petition**

Thereafter, Petitioner filed three habeas corpus petitions in the California Superior Court. *See id.* at 17–18. Petitioner claimed due process violations, insufficient evidence, sentencing errors, ineffective assistance of counsel, resentencing eligibility under Proposition 47, and early non-violent parole consideration eligibility under Proposition 57. *See id.* The Superior Court denied his petitions. *See id* at 17–21.

Petitioner then filed a habeas corpus petition in the California Court of Appeal. He stated the following grounds: "(1) reclassification of his robbery convictions as misdemeanors and resentencing under Proposition 47; (2) recall of his sentence under Penal Code section 1170, subdivision (d)(1); and parole consideration under Proposition 57." *Id.* at 31. The Court of Appeal denied his petition on August 25, 2020. *See id* at 31–33.

On September 17, 2020, Petitioner filed a habeas corpus petition in the California Supreme Court, raising the following grounds: "Proposition 47; People v. DeHoyos, (2018) . . . Assembly Bill 1812 . . . Proposition 57." *See id.* at 6. On December 16, 2020, the California Supreme Court, which sat en banc, denied his habeas corpus petition. *See id.* at 8.

C. **Federal Habeas Petition**

On January 19, 2021, Petitioner filed the instant federal habeas corpus petition. *See id*. Petitioner asserts the crimes underlying his conviction are nonviolent and thus "Proposition 57, and Assembly Bill 965 authorizes early release date for Petitioner." *See id.* at 5.

## II. LEGAL STANDARD

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). Pursuant to Rule 72 and 28 U.S.C. § 636(b)(1), the Court must make a de novo determination of any part of the Magistrate Judge's disposition to which a party has properly objected. *See id.*; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III. DISCUSSION

Pursuant to 28 USC § 2254, a federal court may issue a writ of habeas corpus to a state prisoner if his custody status violates the Constitution or the laws or treaties of the United States. *See* 28 USC § 2254. Rule Four of the Rules Governing section 2254 states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, 28 U.S.C. foll. § 2254.

Petitioner claims his current imprisonment violates the Constitution because he has not been considered for early parole despite his alleged eligibility under California Proposition 57 and Assembly Bill 965.[1] *See* Doc. No. 1 at 5. Judge Gallo concluded that Petitioner fails to assert any federal law violations. *See* R&R at 5–7. Judge Gallo further

---

[1] As Judge Gallo notes, Proposition 57 and State Assembly Bill 965 are codified in California law, Cal. Const, Art. I § 32, and Cal. Penal Code § 3051, respectively. *See* R&R at 6.

determined that the potential relief Petitioner seeks would not necessarily result in a shortened sentence or immediate release, and thus Petitioner's claim falls outside habeas corpus review. *See id.* at 7–9. Accordingly, Judge Gallo recommends the Court grant Respondent's motion to dismiss. *See id.* at 9. Petitioner objects to the R&R. *See* Doc. No. 10.

### A.     Petitioner Does Not State a Constitutional Claim

Petitioner must state that his custody status violates a federal right in order to be entitled to federal habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). If the petition fails to present a federal claim, the court may dismiss the petition for failure to state a claim. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 2001). A petitioner fails to state a federal claim if they only raise state law errors which do not lie within federal habeas corpus review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Here, Petitioner claims his federal rights have been violated through his improper exclusion from nonviolent parole consideration under California Proposition 57 and Assembly Bill 965. *See* Doc. No. 1 at 5. Proposition 57 and Assembly Bill 965 are both pieces of state legislation, and thus their applicability to Petitioner is solely a state law issue. Therefore, Judge Gallo correctly concluded that because Petitioner's claim rests solely in state law, it does not fall within federal habeas review. *See* R&R at 5; *see also* Doc. No. 1 at 5; *Swarthout*, 562 U.S. at 219.

Moreover, a petitioner fails to state a federal claim if they simply allege a violation of the general notion of fairness or a federal procedural right. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). A petitioner has the burden of alleging specific facts that show the involvement of a federal right. *See O'Bremski*, 915F.2d at 420. Here, Petitioner claims that the state's failure to consider him for nonviolent parole has resulted in a "Federal Due Process Violation." Doc. No. 1 at 5. However, this general assertion of a federal due process violation, without any explanation as to how his rights were violated, is not sufficient to assert a Constitutional violation. *See, e.g.*, *Middleton*, 768 F.2d at 1085; *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Thus, Judge Gallo

also correctly determined that Petitioner fails to articulate any specific federal rights violations. *See* R&R at 5–7; *see also* Doc. No. 1 at 5.

Accordingly, Judge Gallo correctly concluded that Petitioner's habeas claim is faulty due to his reliance on state law and failure to state a cognizable federal claim. *See* R&R at 5–7; *see also* Doc. No. 1 at 5. Petitioner does not address this flaw, nor does he further articulate how his federal due process rights were violated, in his objection to Judge Gallo's R&R. *See* Doc. No. 10. Thus, the Court **ADOPTS** the R&R and **GRANTS** Respondent's motion to dismiss on this basis.

**B.    Petitioner's Claim Falls Outside the Core of Habeas Corpus**

Further, a state prisoner's sole avenue to "[c]hallenge the validity of any confinement or . . . its duration" is a habeas corpus petition. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). If the habeas petition's success would not "necessarily lead to his immediate or earlier release from confinement, [the] claim does not fall within 'the core of habeas corpus.'" *Id* at 935.

As noted above, Petitioner asserts that under Proposition 57 and Assembly Bill 965, he is eligible for early parole consideration because his underlying convictions are nonviolent. *See* Doc. No. 1 at 5. However, even if Petitioner's contention is valid, he would only be entitled to a parole consideration hearing, not an immediate release from prison. *See Smith v. Pearman*, No. 19-CV-03683-SI, 2019 WL 4918259, at *3 (N.D. Cal. Oct. 4, 2019) (finding that because success of petitioner's claim would not necessarily lead to immediate or speedier release from custody, it falls outside the core of habeas corpus), *see also* Cal. Penal Code § 3051. Thus, as Judge Gallo correctly concluded, Petitioner's claim is not within the core of habeas corpus. *See* R&R at 7–9; *see also* Doc. No. 1 at 5. In his opposition, Petitioner does not address how the relief he seeks would lead to his immediate or speedy release. *See generally* Doc. No. 10. Therefore, the Court concludes that Petitioner's claim falls outside the core of habeas corpus, providing an alternative reason to dismiss the petition.

## IV. CONCLUSION

Based on the foregoing, the Court **ADOPTS** Judge Gallo's Report and Recommendation in its entirety, **GRANTS** Respondent's motion, and **DISMISSES** the petition.

**IT IS SO ORDERED.**

Dated: October 25, 2021

HON. MICHAEL M. ANELLO
United States District Judge